UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ASHLEY ELIZABETH WHITE,                    )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )         No. 3:19-CV-8-TRM-HBG
                                           )
ALLISON GREENSTEIN YOW, D.O., and          )
d/b/a LMU MEDICAL CLINIC, and              )
LINCOLN MEMORIAL UNIVERSITY,               )
                                           )
            Defendants.                    )

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the following Motions: Defendant Lincoln Memorial University's Motion for Leave to File Second Amended Answer [Doc. 58], Plaintiff's Motion to Amend Complaint [Doc. 60], and Defendant Yow's Motion for Leave to File First Amended Answer [Doc. 61]. With respect to the Motion for Leave to File Second Amended Answer [Doc. 58], Lincoln Memorial University ("LMU") requests that it be permitted to file its Second Amended Answer to assert comparative fault against Plaintiff based on her non-compliance with the steroid taper. In addition, Plaintiff seeks [Doc. 60] to amend her Complaint in order to edit certain paragraphs and remove other paragraphs, including removing the paragraphs alleging that Defendant Shields deviated from the standard of care. The amended Complaint also increases the ad damnum. No opposition has been filed to LMU's Motion to Amend [Doc. 58] or to Plaintiff's Motion to Amend [Doc. 60].

With respect to Defendant Yow's Motion for Leave to File First Amended Answer [Doc. 61], she seeks to assert Plaintiff's comparative fault for non-compliance with her (Defendant Yow) instructions and for failing to provide accurate and complete pertinent information to Defendant Yow and subsequent providers. In addition, Defendant Yow seeks to clarify her prior jury demand. LMU filed a Response [Doc. 67], requesting that it be permitted to adopt, incorporate, and rely upon the comparative fault defense asserted by Defendant Yow. LMU states that it does not necessary oppose Defendant Yow's Motion but explains that the only allegations against LMU are based on vicarious liability stemming from the alleged actions of Defendant Yow in this case. LMU states that it can only be held liable if the jury determines that Defendant Yow breached the applicable standard of care and caused Plaintiff to incur damages she would have not incurred otherwise. Plaintiff, Defendant Shields, Defendant Yow reported to the Court that they do not oppose LMU's request made in its Response [Doc. 67].

The Court finds the Motions to Amend [Docs. 58, 60, 61] and LMU's Response [Doc. 67], which requests that it be allowed adopt, incorporate, and rely upon the comparative fault defense asserted by Defendant Yow, are well taken, and they are **GRANTED**. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff **SHALL** file her Amended Complaint [Doc. 60-1] in CM/ECF on or before **June 25, 2020.** Defendants **SHALL** file their amended answers within fourteen days (14) of Plaintiff filing her Amended Complaint.

      **IT IS SO ORDERED.**

                 ENTER:

                 Bruce Guyton

                 United States Magistrate Judge